Filed 7/11/14  P. v. Ramirez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B252506 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA026733) |
| v. | |
| ARMANDO RAMIREZ, | |
| Defendant and Appellant. | |

THE COURT:[*]


Defendant Armando Ramirez aka Jose Blanco appeals from the order denying his ex parte motion for resentencing.  Defendant is currently serving a sentence of 35 years to life, imposed in 1998.  Defendant filed a notice of appeal indicating the appeal was based on the superior court's refusal to resentence him pursuant to Proposition 36.

We appointed counsel to represent defendant on this appeal.  After examination of the record, counsel filed an "Opening Brief" containing an acknowledgment he had been

---

[*]     BOREN, P.J., CHAVEZ, J., FERNS, J.†

†     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

unable to find any arguable issues. On February 11, 2014, we advised defendant he had 30 days within which to personally submit any contentions or issues he wished us to consider. On March 6, 2014, defendant filed a petition for writ of habeas corpus in which he indicated that the petition was his response to our order of February 11, 2014. The petition was denied on March 25, 2014.

The record shows that defendant filed a document entitled "Statement in Mitigation of Sentence/Resentencing" on September 30, 2013, under Penal Code section 1170, subdivision (b)[1] and California Rules of Court, rules 414, 423, and 425. Defendant did not set forth a statement in mitigation. Judge Judith Meyer denied the motion for resentencing on September 30, 2013.

Although, as noted, defendant's notice of appeal refers to a denial of his request for resentencing under Proposition 36, no such petition was made by defendant. In any event, section 1170.126 provides that defendants may file a petition for recall of sentence only when the felony that triggered their third-strike sentence (the current felony) was not defined as a violent or serious felony in section 667.5, subdivision (c) or section 1192.7, subdivision (c), respectively. (§ 1170.126, subd. (b).) Defendant's current felony, robbery, is included in the list of serious felonies contained in section 1192.7, subdivision (c) (§ 1192.7, subd. (c)(19)) and was included on the date defendant committed the current offense. (Stats. 1993, ch. 611, § 18.5.) Therefore, defendant was not eligible to file a petition for recall of sentence and resentencing under section 1170.126.

We have examined the entire record, and we are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

---

[1] All further references to statutes are to the Penal Code unless stated otherwise.